UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE THA LEI PAW, FRIDAY MOE RO, NYIEN NYIEN AYE, WIN HTUT, TAR LUE, and YOON WADY FOOD STORE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 17-cv-0532 BTM (JLB)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION, AND TO VACATE, SET ASIDE OR STAY COURT'S ORDER SETTING BRIEFING SCHEDULE AND HEARING DATE FOR CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**[ECF No. 9]** |

On March 16, 2017, Plaintiffs filed this action as a judicial appeal of an administrative determination to permanently disqualify them from participating in the Supplemental Nutrition Assistance Program (SNAP) as an authorized retailer under 7 U.S.C. § 2021. (ECF No. 1.)

On May 30, 2017, the Court issued a scheduling order in this case. (ECF No. 7.) The parties were ordered to meet and confer regarding the completeness of the Administrative Record on or before June 14, 2017 and lodge the Administrative Record by June 23, 2017. (*Id*.) The Plaintiffs were given until July 21, 2017 to file and serve any

///

motion for summary judgment. (*Id.*) The Defendant was given until August 18, 2017 to file and serve its motion for summary judgment. (*Id.*)

On June 23, 2017, Defendant timely lodged the Administrative Record. (ECF No. 8.)

On July 21, 2017, Plaintiffs failed to file a motion for summary judgment. However, on July 21, 2017, without obtaining a hearing date or briefing schedule from the Court, Plaintiffs filed the instant Motion for Reconsideration, and to Vacate, Set Aside or Stay Court's Order Setting Briefing Schedule and Hearing Date for Cross-Motions for Summary Judgment. (ECF No. 9.) In their Motion, Plaintiffs argue that no discovery has been conducted and, "[a]ccordingly, either a motion or order for summary judgment would be premature, and serve only to deprive the Plaintiffs of both their statutory right to conduct discovery as well as any semblance of meaningful substantive due process." (ECF No. 9-1 at 4.)

The Court invited Defendant to file an opposition, which was timely filed on August 15, 2017. (ECF Nos. 10, 11.) In their opposition, Defendant argues Plaintiffs' motion should be denied as violative of Local Rule 7.1 or, alternatively, denied on the merits because Plaintiffs are not entitled to discovery in this case and any argument that they are entitled to discovery should be made to District Judge Barry Ted Moskowitz under Rule 56(d) after Defendant's motion for summary judgment is filed.[1] (ECF No. 11.)

Local Civil Rule 7.1.i.2. limits the time in which motions for reconsideration shall be filed in this district. Specifically it provides that "[e]xcept as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." Plaintiffs' Motion for Reconsideration was filed on July 21, 2017—53 days after the scheduling order was issued. Plaintiffs provide no basis, nor can the Court discern one, for why the 28-day limit is not applicable to this

---

[1] On August 18, 2017, Defendant timely filed its motion for summary judgment. (ECF No. 12.)

matter or why Plaintiffs should be excused from compliance with it. Plaintiffs' motion is denied as untimely.[2]

To the extent that Plaintiffs' motion could be construed as a request for an extension of deadlines, as opposed to a motion for reconsideration, the motion would still be denied. This Court's Civil Chambers Rules require that:

> Any motion requesting extensions should be filed no less than **10 calendar days** in advance of the dates and deadlines at issue and shall include a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why deadlines cannot be met. The declaration must address the steps counsel took to obtain a stipulation. When the motion is made after time has expired, Fed. R. Civ. P. 6(b)(1)(B) requires the parties to address excusable neglect.

Civil Chambers Rules, Magistrate Judge Jill L. Burkhardt, III.C. (emphasis in original).

Plaintiffs' motion was not filed ten days in advance of the filing deadline for their motion for summary judgment; instead it was filed on the day their summary judgment motion was due. It was not accompanied by a declaration by counsel setting forth the steps taken to comply with the deadline at issue and the reasons why the deadline could not be met – in fact, it is not accompanied by any declaration at all. Furthermore, no effort was made to address excusable neglect for the untimeliness of the motion. A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)).

///

---

[2] Defendant also argues that Plaintiffs' motion should be denied because it was filed in violation of Local Civil Rule 7.1.e. which requires a moving party to obtain a hearing date from the Court and provide appropriate notice to the other side. While Defendant's position is well-taken, and Plaintiffs filed this motion in violation of Local Civil Rule 7.1.e., the Court has exercised its discretion to accept the filing of the motion.

Even had Plaintiffs' motion been timely filed and also met the other procedural requirements of this district's local rules and this Court's chambers rules, it would still be denied on the merits. The basis for Plaintiffs' motion for reconsideration of the scheduling order in this case is that "a motion or order for summary judgment would be premature, and serve only to deprive the Plaintiffs of both their statutory right to conduct discovery as well as any semblance of meaningful substantive due process." (ECF No. 9-1 at 4.)

Plaintiffs filed this action to appeal the administrative determination to permanently disqualify them as an authorized retailer under SNAP. Under 7 U.S.C. § 2023(a)(13) and (15), a store which "feels aggrieved" by the final administrative determination can obtain judicial review, *de novo*, to determine the validity of the questioned administrative action. 7 U.S.C. § 2023(a)(13) and (15); *Kim v. United States*, 121 F.3d 1269, 1271-72 (9th Cir. 1997). The store owner bears the burden to establish, by a preponderance of the evidence, that the alleged violations did not occur. *Kim*, 121 F.3d at 1272. The District Judge is not limited to the administrative record, and a plaintiff may offer relevant evidence from outside the record. *Id.*

This is not to say that Plaintiffs are necessarily entitled to conduct discovery prior to Defendant's summary judgment motion being decided. Some appeals of adverse determinations under the Food Stamp Act are appropriately determined on summary judgment without the need for discovery. *See*, *e.g.*, *Lopez v. United States*, 962 F. Supp. 1225, 1228 (N.D. Cal. 1997) ("Plaintiffs . . . have not presented any facts suggesting that any discovery would be fruitful."). Others are not. *See, e.g.*, *ANS Food Market v. United States*, 2015 U.S. Dist. LEXIS 53261 *7-8 (D. Md. April 22, 2015) (courts have allowed discovery where evidence is not undeniable and appealing party has filed a Rule 56(d) affidavit).

If Plaintiffs have a well-founded argument to make that they cannot present facts essential to justify their opposition to Defendant's motion for summary judgment, their

///

///

proper course is to file a motion with the District Judge under Rule 56(d) of the Federal Rules of Civil Procedure supported by affidavit or declaration. This is not that motion.[3]

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is DENIED.[4]

**IT IS SO ORDERED.**

Dated: August 22, 2017

_Jill Burkhardt_
Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[3] The Court does not construe the instant motion as a Rule 56(d) motion. It is not so styled by the Plaintiffs, and it is not supported by affidavit or declaration, as specifically required by Rule 56(d).

[4] The Parties are directed to contact this chambers within three court days of any decision by District Judge Barry Ted Moskowitz either granting a Rule 56(d) motion or denying Defendant's summary judgment motion, following which this Court will issue the remainder of the schedule in the case.